# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN JACOBS )
) No. 15-1614
)
v.

CAROLYN W. COLVIN

## MEMORANDUM ORDER

Plaintiff filed an application for supplemental social security disability and disability insurance benefits, pursuant to Title II of the Social Security Act, based on allegations of physical and mental impairment. Plaintiff's application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. Plaintiff now appeals to this Court. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's

findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a <u>de novo</u> review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. <u>Palmer v. Apfel</u>, 995 F.Supp. 549, 552 (E.D. Pa. 1998); <u>S.E.C. v. Chenery Corp.</u>, 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." <u>Brunson v. Astrue</u>, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

Plaintiff argues, rather straightforwardly, that the ALJ's residual functional capacity assessment ("RFC") is not supported, because it is against the weight of the evidence. As indicated <u>supra</u>, on review, I cannot ask whether there is evidence in favor of disability, or whether I would have reached a conclusion different from that below; I cannot reweigh the evidence. Instead, I am permitted only to assess whether substantial evidence supports the ALJ's decision. In this case, I must conclude that it does.

I have carefully reviewed the ALJ's analysis. Plaintiff does not assert that the ALJ erred with respect to any particular physician or alleged impairment, but instead erred because multiple physicians found multiple symptoms and clinical findings; and because those physicians' opinions or records reflected impairments more severe than indicated by the RFC. The ALJ reviewed Plaintiff's treatment history and records, including those relating to Drs. Slivka, Wolfe,

Kochik, and Raymundo. As to each source, the ALJ explained the weight afforded, and the reasons for that weight. It is axiomatic that an ALJ is entitled to accept or reject evidence, so long as he explains his legitimate reasons for doing so. In this case, Plaintiff's Motion must be denied, and Defendant's granted.

AND NOW, this 10th day of January, 2017, IT IS SO ORDERED.

BY THE COURT:

_Donetta W. Ambrose_

Donetta W. Ambrose

Senior Judge, U.S. District Court